[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter came to the court on November 7, 1994 as an Application For Temporary Injunction and Order to Show Cause. Prior to the start of testimony, counsel stipulated that the hearing would also serve as a hearing on a permanent injunction. The two defendants answered the Verified Complaint orally on the record, and the plaintiff orally denied the special defense of the defendants. The court ordered the parties to reduce the oral pleadings to writing, and to file the written pleadings by November 10, 1994.
After reviewing the oral testimony and the exhibits, and having evaluated the credibility of the witnesses, the court finds as follows:
1. The parties entered into a lease on April 16, 1986, which provided in paragraph 5 that "the Lessee shall have a preemption to purchase for cash the leased premises for an amount equal to any bona fide offer to purchase them. . . ." The plaintiff was the lessee, and the defendants, a married couple, each of whom owned one-half of the premises as tenants in common, were the lessors.
2. On or about September 16, 1994, the defendant, George E. McLaughlin, Jr., and the defendant, Georgia M. Ferguson, who were no longer married, entered into an agreement by which George E. McLaughlin would purchase Georgia Ferguson's one-half interest, subject to certain conditions. This agreement was in settlement of a Partition Action brought by George E. McLaughlin, Jr. against Georgia M. Ferguson, dated September 30, 1993, and it provided that the parties would modify their divorce decree of June 1990, to reflect the terms of the transfer of that one-half interest. CT Page 11363
3. Par. 5 of the lease is not clear as to whether the lessee's right to purchase is triggered by a bona fide offer to purchase the premises only by a party who is not a party to the lease, or whether it is also triggered by a bona fide offer from one lessor to purchase the other lessor's interest.
4. The intent of the parties at the time the lease was entered into, was that the lessee's right to purchase would become operative only if a third party, that is someone other than the parties to the lease, made a bona fide offer to the lessors to purchase the leased premises. This was to protect the plaintiff from having to deal with an outsider if he preferred to buy the premises himself. The plaintiff had asked for an option to purchase, but agreed to this in lieu thereof.
5. The language of par. 5 of the lease was the result of joint discussions among the parties and their attorneys.
The application for the temporary and permanent injunction is denied with prejudice, and the lis pendens is discharged.
RICHARD A. WALSH, J.